UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Steven Harris, | ) | CASE NO. 1:21 CV 1581 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| Detective Daniel Dickens, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Steven Harris filed this action against Detective Daniel Dickens and "John and Jane Doe 1-30." (Doc. No. 1). For the reasons that follow, this action is dismissed.

**I. BACKGROUND**

On August 13, 2021, Plaintiff filed a complaint alleging the following claims against the defendants: violations of the Fourth, Sixth, and Fourteenth Amendments under 42 U.S.C. § 1983; conspiracy and failure to prevent conspiracy under 42 U.S.C. §§ 1985 and 1986; criminal conspiracy under 18 U.S.C. §§ 241 and 242; malicious abuse of process; intentional infliction of emotional distress; mail fraud; and fraud. Plaintiff's complaint, which contains very few facts yet is replete with conclusory allegations, stems from a purported illegal search on his property.

According to Plaintiff, members of law enforcement executed a search for drugs on his property on December 1, 2020, without probable cause. (*Id.* at 2-3). Plaintiff asserts that the illegal search resulted in the seizure of contraband and criminal charges being filed against Plaintiff for having weapons under disability. (*Id.*). Plaintiff states that "none of the weapons were in [Plaintiff's] name" and "no weapons or drugs were found on [him]." (Id. at 3). Plaintiff

contends that Detective Dickens prepared a sworn affidavit in support of the search warrant, but he does not know "the identity of his accuser." (*Id.* at 2, 4).

Detective Dickens filed a Motion to Dismiss the Complaint (Doc. No. 4), alleging that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff opposed the motion (Doc. No. 6) and filed a motion to stay proceedings in the lower court (Doc. No. 5).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551

U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id*.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. ANALYSIS

Plaintiff's claims arise from a law enforcement search of his residence that resulted in criminal charges against him, which are currently pending in the Cuyahoga County Court of Common Pleas.

As an initial matter, the complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find the defendants engaged in any wrongdoing. It, therefore,

fails to state a claim under Rule 12(b)(6) on this basis. *See Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir. 1994).

Nonetheless, to the extent Plaintiff's criminal proceedings are still pending in the state court, this Court must abstain from hearing challenges to the state court proceedings, including a challenge to the validity of the search warrant. A federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances which are not present here. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When an individual is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If an individual files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.; see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if Plaintiff's criminal proceedings are still pending, all three factors supporting abstention are present. Criminal proceedings implicate important state interests. *See Leveye*, 73

F. App'x at 794 (a criminal case implicates an important state interest as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere) (citing *Younger*, 401 U.S. at 43-45). And, the final factor of the *Younger* abstention is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The Plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Court of Common Pleas*, No. 5:18-cv-2975, 2019 U.S. Dist. LEXIS 142061, at *6 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, there has been no showing that the claims asserted by Plaintiff in this federal action are barred in the state action. This Court must, therefore, abstain from interfering with Plaintiff's pending state criminal proceedings.

Additionally, it appears that Plaintiff alleges the defendants violated 18 U.S.C. § 241 (conspiracy to deny civil rights) and 18 U.S.C. § 242 (deprivation of civil rights). Sections 241 and 242 are criminal statutes and provide no private right of action to civil plaintiffs. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3

(N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 Fed. Appx. 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Plaintiff is attempting to bring criminal charges against the defendants, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004)(A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing among authority *Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); *Poole v. CitiMortgage, Inc.*, Civil Action No. 14-CV-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing among authority *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)).

Plaintiff's complaint, therefore, fails to state a claim upon which relief may be granted.

### IV. CONCLUSION

In light of the foregoing, Defendant's Motion to Dismiss (Doc. No. 4) is granted, and this action is DISMISSED. Plaintiff's Motion to Stay (Doc. No. 5) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Court
                                        Chief Judge

Dated: 12/7/21